# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON, CDCR #K-16324, <br><br>　　　　　　　　　Plaintiff, <br><br>　vs. <br><br>JEFFREY BEARD, PhD, Secretary of CDCR, et al., <br><br>　　　　　　　　　Defendants. | Case No.: 16-CV-03079 JLS (PCL) <br><br>**ORDER 1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES [ECF No. 7] AND; 2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON DEFENDANTS PURSUANT TO Fed. R. Civ. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

　　　　Plaintiff Stevie J. Stevenson, currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff claims several California Department of Corrections and Rehabilitation ("CDCR") and CEN administration and mail room officials have violated his First, Sixth, and Fourteenth Amendment rights by denying him meaningful access to the court and interfering with his legal mail, specifically with respect to a post-conviction habeas petition he filed in Los Angeles County Superior Court pursuant to Cal. Penal Code § 1054.9.[1]

---

[1] California Penal Code § 1054.9 "creates a mechanism by which, . . . a capital or LWOP prisoner prosecuting a habeas corpus petition [in state court] can seek discovery of 'materials in the possession of

## PROCEDURAL HISTORY

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he first initiated this action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion for Leave to File Excess Pages (ECF No. 3), and followed by a Motion for Preliminary Injunction (ECF No. 5).

On May 16, 2017, the Court granted Plaintiff's IFP Motion, as well as his Motion for Leave to File Excess Pages, but denied his Motion for Preliminary Injunction and dismissed his Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b). (ECF No. 6.) The Court also granted Plaintiff leave to file an amended pleading in order to correct the deficiencies of the pleading identified in the Court's Order. (*Id.* at 17.) Plaintiff has since filed his Amended Complaint ("FAC," ECF No. 8), which is again accompanied by a Motion for Leave to File Excess Pages (ECF No. 7).

## MOTION FOR LEAVE TO FILE EXCESS PAGES

As he did when filing his original Complaint, Plaintiff seeks leave to file an Amended Complaint (ECF No. 8) that exceeds the page limitations set by Civil Local Rule 8.2(a). Plaintiff claims he requires the extra pages of pleading to "clarify" and to submit an Amended Complaint that adequately responds to the Court's May 16, 2017 Order—specifically the requirement that he "allege sufficient facts to describe the non-frivolous or arguable nature of the underlying claim he contends was lost as a result of Defendants' actions." (*See* ECF No. 7 at 2; *see also* ECF No. 6 at 11 (citing *Christopher v. Harbury*, 536 U.S. 403, 413-14, 417 (2002)).)

Civil Local Rule 8.2(a) provides that complaints filed by prisoners pursuant to 42 U.S.C. § 1983 must he "legibly written or typewritten on forms supplied by the court," and

---

the prosecution and law enforcement authorities to which the same defendant would have been entitled at [the] time of trial.'" CAL. PENAL CODE § 1054.9(b); *People v. Superior Court*, 2 Cal. 5th 523, 528 (2017).

any additional pages not exceed 15. *See* Civ. L. R. 8.2(a). Plaintiff's Amended Complaint (ECF No. 8) is currently comprised of 50 pages, not including the nearly 400 additional pages he has attached as exhibits, (*id.* at 51–418), and the supplemental exhibits he has since filed separately (ECF Nos. 10, 12).

A court may sua sponte strike a document filed in violation of the Court's local procedural rules. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (noting district court's "power to strike items from the docket as a sanction for litigation conduct"); *Smith v. Frank*, 923 F.3d 139. 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."). However, "district courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation and citation omitted), and the Court construes the pleadings of pro se litigants in civil rights cases liberally, affording them the benefit of the doubt. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

Here, while Plaintiff's Amended Complaint is even lengthier than his original and far exceeds the page limitations set by Civil Local Rule 8.2(a), it is still not so verbose, "replete with redundancy [or] largely irrelevant" that it violates Federal Rule of Civil Procedure 8(a). *See Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citation omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (noting that while "the proper length and level of clarity for a pleading cannot be defined with any great precision," Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). Moreover, the bulk of Plaintiff's FAC is comprised of exhibits offered in support (ECF No. 8 at 51–418, ECF No. 10, ECF No. 12), and Civil Local Rule 15.1 requires that "[a]ll amended pleadings must contain copies of exhibits referred to." Civ. L. R. 15.1(a).

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (ECF No. 7).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A(b)

As Plaintiff now knows, the Prison Litigation Reform Act ("PLRA") requires the Court to review his Amended Complaint sua sponte "as soon as practicable after docketing" because Plaintiff is proceeding IFP and is "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must dismiss any complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen

determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). It may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Based on the allegations contained in Plaintiff's Amended Complaint, at least with respect to Defendants' alleged interference with outgoing and incoming legal mail claims related to his pending state habeas petition filed pursuant to California Penal Code § 1054.9, the Court now finds Plaintiff's pleading sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).[2] *See also Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Witherow v.*

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). The Court notes that allegations in Plaintiff's FAC suggest some, if not all, of his access to courts claims may be precluded by virtue of his having filed a state habeas corpus action in Imperial County Superior Court, EHC1926, in March 2015, another in the California Court of Appeals, Fourth District, Div. 1, D069052, in October 2015, and a third in the California Supreme Court, S231343 in December 2015 (*see* ECF No. 8 at 10–11, ¶¶ 15–22), all alleging what appear to be the same claims he now seeks to litigate pursuant to § 1983. *See Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) (affirming district court's dismissal of § 1983 complaint filed by prisoner who litigated claims which were "both part and parcel of the same primary right" at issue in a previously-filed state habeas petition on claim preclusion grounds). The Court cannot make that determination based on Plaintiff's FAC alone at the screening stage, however, as none of the FAC's voluminous exhibits include copies of the habeas petitions he admits he previously filed in the California courts. Nor does Plaintiff include copies of any final decisions entered by any of those courts on the merits. *Id.* at 1023 (citing *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (2015) ("Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit.")). Moreover, "[c]laim preclusion is an affirmative defense," and one which "may be deemed waived if not raised" by Defendants in their

*Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (prisoners "enjoy[] a First Amendment right to send and receive mail"); *Hayes v. Idaho Corr. Center*, 849 F.3d 1204, 1211–12 (9th Cir. 2017) (finding prisoner who alleged to have had his "properly marked legal mail" "arbitrarily and capriciously opened outside his presence on two separate occasions" stated a plausible First Amendment claim); *cf. Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017) ("[P]risoners have a Sixth Amendment right to be present when legal mail related to a criminal matter is inspected."); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102–03 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference, as opposed to failure to affirmatively assist, with any prisoner lawsuit), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases"); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## CONCLUSION AND ORDERS

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (ECF No. 7).

2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Amended Complaint (ECF No. 8) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant.[3] In addition, the Court **DIRECTS** the Clerk

---

pleadings. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995); *Armenta v. Paramo*, No. 3:16-CV-02931 BTM-KSC, 2017 WL 1336922, at *3 (S.D. Cal. Apr. 5, 2017).

[3] Plaintiff must, of course, name the "Unknown Mailroom Staff" at CEN, and the parties currently identified only as "Mailroom Staff 'C'" and "Mailroom Staff 'PC'" as Defendants by their true names and substitute those individual persons in place of each unnamed party by amending his pleading to identify each of them before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Indeed,

to provide Plaintiff with a certified copy of the May 16, 2017 Order Granting Plaintiff's Motion for Leave to Proceed IFP (ECF No. 5), a certified copy of his Amended Complaint (ECF No. 8), and a summons so that he may serve the named Defendants. Once he receives this "IFP Package," Plaintiff is **ORDERED** to complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to Civil Local Rule 4.1(c), and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285s, to timely serve a copy of Plaintiff's Amended Complaint and summons upon each Defendant as directed by Plaintiff. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983[,]" once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits[,]" the defendant is required to respond).

---

in most instances it is impossible for the United States Marshal to serve unnamed parties. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the unnamed parties at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits the plaintiff the opportunity to pursue appropriate discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identity, or his pleading should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants, or counsel for Defendants, and the date of that service. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: October 6, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge