UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>                        Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, Ph.D, et al.,<br><br>                       Defendants. | Case No.: 3:16-CV-03079-JLS-PCL<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>(ECF No. 18) |

On October 25, 2017, Plaintiff Stevie J. Stevenson, proceeding *pro se* and *in forma pauperis*, filed a Motion for Preliminary Injunction, (ECF No. 18). Previously, this Court had denied a similar motion filed by Plaintiff because the Court did not have personal jurisdiction over the Defendants and Plaintiff had not alleged nor shown his claim met the requirements for injunctive relief. (ECF Nos. 5, 6.) Plaintiff now argues his Motion is timely and appropriate because of the Court's Order directing the U.S. Marshal to effect service of Plaintiff's First Amended Complaint. (ECF No. 13.) Therein, the Court ordered Plaintiff to serve upon Defendants "a copy of every further [filed document] submitted for the Court's consideration." (*Id.* at 8.) Plaintiff argues his third claim regarding the Centinela Prison mailroom staff not allowing Plaintiff to mail legal work out of the prison warrants his request for injunctive relief. (ECF No. 18, at 2.)

1

In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("Service of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). Thus, one becomes a party officially, and is subject to court orders, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. *See* Fed. R. Civ. P. 4(a). Because an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation," an unserved defendant cannot be bound by an injunction. Fed. R. Civ. P. 65(d)(2)(A)–(C).

In this case, Plaintiff has not yet served any of the 12 Defendants named in his amended complaint. As such, this Court cannot exercise personal jurisdiction over these Defendants. *Omni Capital*, 484 U.S. at 104. Because none of the named Defendants are subject to the Court's power, the Court cannot issue any type of injunction binding these Defendants. Accordingly, Plaintiff's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 4, 2017

Hon. Janis L. Sammartino
United States District Judge

2

3:16-cv-03079-JLS-PCL