UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, Ph.D., et al.,<br><br>                                    Defendant. | Case No.:  3:16-cv-03079-JLS-PCL<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR APPROVAL TO<br>SUBPOENA**<br><br>**[Doc. 46]** |

Before the Court now is Plaintiff STEVIE J. STEVENSON, having filed a motion for approval to direct the U.S. Marshals to serve Defendant Raymond Madden with a subpoena. (Doc. 46.) Herein, Plaintiff requests the Court's permission to have Defendant Madden served with a subpoena requesting the "names of the Unidentified Centinela State Prison Mailroom staff who worked on specific days when [the alleged] violations took place. . . ." (*Id*. at 1.) Plaintiff states this information will allow him to prepare his amended complaint.

A subpoena is only required where a non-party witness who is not controlled by a party is sought out for either a deposition or for the production of documents. Fed. R. Civ. Proc. 45; *Newell v. County of San Diego*, 2013 U.S. Dist. LEXIS 127039 (S.D. Cal. Sept. 5, 2013). A subpoena is not the proper vehicle by which to propound such a request as Plaintiff's upon a party. *Id*.

Here, Defendant Madden is clearly a party to the case, specifically a defendant. (See Doc. 8 at 3.) Thus, Plaintiff's request for approval to subpoena must be **<u>DENIED</u>**. However, the Court suggests Plaintiff obtain this information through regular discovery procedures as described in Federal Rules of Civil Procedure rule 26 and 34. These discovery requests need not be filed with the Court. If Defendant does not comply with such requests, the Plaintiff is welcome to file a motion to compel, after following the correct procedure as laid out by Federal Rule of Civil Procedure rule 37(a).

**IT IS SO ORDERED.**

Dated: June 26, 2018

Hon. Peter C. Lewis
United States Magistrate Judge