# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON, CDCR #K-16324,<br><br>               Plaintiff,<br><br>vs.<br><br>JEFFREY BEARD, PhD, Secretary of CDCR, et al.,<br><br>               Defendants. | Case No.: 16-CV-03079 JLS (PCL)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF No. 47) |

Plaintiff Stevie J. Stevenson, an inmate at Centinela State Prison, has filed a complaint pursuant to 42 U.S.C. § 1983, (First Amended Complaint, ("FAC,") ECF No. 8). Plaintiff named six Defendants: Kernan, Telles, Madden, Beard, Bell, and Walker. All six Defendants have moved to dismiss the Complaint, ("MTD," ECF No. 32-1). Magistrate Judge Peter Lewis has issued a Report and Recommendation, ("R&R," ECF No. 47), and recommends granting in part and denying in part the Motion to Dismiss. Plaintiff has filed objections to the R&R, ("Obj.," ECF No. 55).[1]

---

[1] Judge Lewis ordered any objections to be filed no later than May 14, 2018. Plaintiff filed a motion for extension of time to file objections on May 14, 2018. (ECF No. 51.) Plaintiff then filed his objections on May 17, 2018. Given Plaintiff's timely request to extend time, the Court will consider Plaintiff's objections.

## BACKGROUND

Judge Lewis's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion. (*See* R&R 1–6.)[2] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

### I. Summary of Judge Lewis's Findings and Plaintiff's Objections

Defendants first move to dismiss Claims 1 and 5 of the FAC because they are subject to claim preclusion. Judge Lewis recommends granting the Motion to Dismiss Claim 1 because it is barred by claim preclusion. (R&R 13.) While Defendants argue that Claim 5 and Claim 1 are the same, Judge Lewis disagrees. (*Id.* at 10 n.2.) Judge Lewis therefore did not analyze Claim 5, and thus recommends denying the Motion to Dismiss Claim 5.

Defendants also move to dismiss Defendants Kernan and Madden for failure to state

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

a claim against them. Judge Lewis recommends granting the Motion to Dismiss Defendant Kernan but denying the Motion to Dismiss Defendant Madden. (*Id.* at 16.)

Plaintiff objects only to Judge Lewis's recommendation regarding Claim 1. The Court therefore reviews this portion of the R&R *de novo* and reviews the remainder of the R&R for clear error.

## II. Analysis

### *A. Claims 1 and 5, and Claims Against Defendant Beard*

Defendants first move to dismiss Claims 1 and 5 because they are subject to claim preclusion. These claims involve allegations that Defendant Beard's various changes to the procedures concerning the prison libraries deprived Plaintiff of his liberty interests in having an adequate prison library and adequate access thereto. (R&R 10 (citing FAC 5, 11).) Because these are the only claims brought against Defendant Beard, Defendants thus also move to dismiss Defendant Beard from this case. Defendants argue Plaintiff previously filed a petition for writ of habeas corpus based on the same conduct alleged in Claims 1 and 5—Defendant Beard's amendment of the rules regarding prison libraries. (MTD 3.)[3] Defendants state that Plaintiff brings similar allegations in Claim 1 and Claim 5 and therefore Defendants treat the two claims as one in the same. (*Id.* at 3 n.1.) Judge Lewis analyzed claim preclusion and determined that Claim 1 is barred. In his objections, Plaintiff agrees that his habeas petition is based on the same conduct alleged in Claim 1, but argues the claim is not barred by claim res judicata. (Obj. 14.)

### *1. Legal Standard*

The doctrine of res judicata gives conclusive effect to former judgment in subsequent litigation involving the same controversy. *People v. Barragan*, 32 Cal. 4th 236, 252

---

[3] Both Parties submit documents and request the Court take judicial notice of prior filings and orders to determine whether Plaintiff's claims are barred by res judicata. A court may take judicial notice of documents filed in other courts for the purpose of determining whether a party's claims are barred by res judicata. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). Therefore, the Court **GRANTS** the requests.

(2004). Res judicata has two aspects: claim preclusion and collateral estoppel. "Claim preclusion, the 'primary aspect' of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. Issue preclusion, the 'secondary aspect' historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824, (2015) (internal quotation marks omitted) (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010)). "It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982); *see also In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994) ("In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel.").

In California, the elements for applying claim preclusion to a second suit are: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824 (citing, e.g., *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002)). "If claim preclusion is established, it operates to bar relitigation of the claim altogether." *Id.*

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the primary rights theory.'" *Id.* (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)). Under the primary rights theory, "[a] cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Id.* at 797–98 (quoting *McKee v. Dodd*, 152 Cal. 637, 641 (1908)). In the context of res judicata, "a cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 860 (1993)).

"California, as most states, recognizes that the doctrine of res judicata will bar not

only those claims actually litigated in a prior proceeding, but also claims that *could have been litigated.*" *Castle v. Mortgage Elec. Registration Sys., Inc.*, No. CV 11–00538, 2011 WL 3626560, at *4 (C.D. Cal. Aug. 16, 2011) (emphasis added) (citing *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)). Additionally, "res judicata operates as a bar to the maintenance of a second suit between the same parties or parties in privity with them on them on the same cause of action." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (Ct. App. 2000) (emphasis omitted) (quoting *Branson v. Sun-Diamond Growers*, 24 Cal. App. 4th 327, 340 (Ct. App. 1994)). Plaintiff's habeas petition was in state court, so the Court applies California's claim preclusion standard.

2. *Analysis of Claim 1*

Judge Lewis determined that, in this case and in Plaintiff's habeas case, Plaintiff is asserting the same allegation, against the same parties, and that a final judgment was issued on the merits. (R&R 10–13.) Thus, Plaintiff's claim is barred by claim preclusion. Plaintiff objects in various regards. First, Plaintiff argues the California Court of Appeal never addressed the merits of his claim. (Obj. 3.) Specifically, Plaintiff argues the California Court of Appeal applied the incorrect legal standard of review, and therefore "the merits [of this claim were] never heard by the Court using the correct standard of review." (*Id.* at 3–4.) He contends the R&R does not address his contention that he was deprived a "full and fair" opportunity to litigate his claims, his contention of "manifest injustice" and his declaration that "he did not know about claim preclusion" due to the lack of legal books in the library on the subject. (*Id.* at 6–7.)

As to the first two factors of claim preclusion, Plaintiff does not contest that he filed the same claims against the same parties in his habeas motion as he does here. (*Id.* at 14.) The Court agrees, and therefore analyzes the third factor: final judgment on the merits.

As he has done in prior briefing, Plaintiff argues that because his habeas petition was "summarily denied" in state court, this was not a decision on the merits. (*Id.* at 8–11.) Judge Lewis explained that while the California Supreme Court did issue a summary denial of Plaintiff's petition, the Court of Appeal issued a reasoned decision. (R&R 12 (citing

ECF No. 32-2, at 9–10).)

> [T]his summary denial [by the California Supreme Court] does not mean the decision was not on the merits. In fact, the United States Supreme Court has held when a "federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of an indication of state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). In this case, there are no such state law procedural principles which would overcome this presumption. Therefore, the decision on Plaintiff's state court petitions are final judgments on their merits.

(*Id.*) In *Harrington*, the petitioner sought habeas relief from the California Supreme Court, who "denied the petition in a one-sentence summary order." 562 U.S. at 86. The district court also denied the petitioner's habeas petition, and the Supreme Court agreed. The Court established a presumption that when the state court denies relief, it is presumed that the claim was adjudicated on the merits. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99–100. "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100.

Here, the Court agrees with Judge Lewis. Plaintiff's habeas petition was adjudicated on the merits, as explicitly specified by the Court of Appeal, (ECF No. 32-2, at 9 ("On the merits . . . .").) Simply because the California Supreme Court denied the petition in a one-sentence summary order does not mean Plaintiff did not receive a full judgment on the merits. The Court now turns to Plaintiff's other objections regarding this element.

Plaintiff argues the California Court of Appeal applied the incorrect legal standard of review and therefore did not address the merits of his claim. (Obj. 3.) But, this is merely expressing a disagreement with the state court opinion and does not mean the decision was not issued "on the merits." Plaintiff had a "full and fair opportunity to litigate the claim or issue" in state habeas proceedings. *Kremer v. Chemical Const. Co.*, 456 U.S. 461, 480–81

& 481 n.22 (1982).[4]

In sum, Plaintiff's habeas petition was adjudicated in a final decision on the merits. This element of claim preclusion is met. Because all elements of claim preclusion are met, Claim 1 of Plaintiff's FAC is barred. The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R as to claim 1.

Judge Lewis did not analyze Claim 5 because he determined that Claim 5 is not in fact duplicative of Claim 1, as Defendants suggest. (R&R 10.) Defendants did not file an objection to this finding. The Court finds no clear error and **ADOPTS** the R&R as to this claim and therefore also does not analyze Claim 5. Because Claim 5 is permitted to go forward against Defendant Beard, the Court **DENIES** the Motion to Dismiss Defendant Beard.

### B. *Defendants Kernan and Madden*

Defendants move to dismiss Defendants Kernan and Madden for failure to state a claim. Kernan is the Secretary of the California Department of Corrections and Rehabilitation, and Madden is the Warden at Centinela State Prison. (MTD 5.) Plaintiff alleges the two Defendants are liable "based on their inaction after reviewing Plaintiff's [inmate] appeals." (R&R 15 (citing ECF No. 38, at 26).) Judge Lewis analyzed the liability of a supervisor under § 1983. (R&R 14–15.) Judge Lewis concluded "[i]n order to show personal participation sufficient to give rise to Section 1983 liability, Plaintiff must show these defendants were on notice of the alleged constitutional violations and failed to correct them, thereby showing the defendants to have contributed to the violations." (*Id.* at 15 (citing cases).) *See, e.g.*, *Reed v. Brackbill*, No. 07-cv-149-BES (RAM), 2008 U.S. Dist. LEXIS 83245, at *18–19 (D. Nev. July 2, 2008) (defendant found to have personally participated by reviewing and signing various grievances filed by plaintiff thereby allowing

---

[4] Further, the Court acknowledges Plaintiff's argument that he "did not know about claim preclusion" due to the lack of legal books on the subject in the library and "had he known that he did not have to file a petition to the California Courts he most certainly would not have." (Obj. 7.) However, Plaintiff's alleged lack of ability to fully research a legal issue has no bearing on whether a decision was issued on the merits.

constitutional violations to continue).

As to Defendant Madden, Judge Lewis determined that Plaintiff has adequately alleged a § 1983 claim against this defendant. (R&R 16.) Madden issued a memorandum decision to Plaintiff after an inmate appeal, and thus there is evidence that Madden was on notice of Plaintiff's alleged constitutional violations. (*Id.* at 15–16 (citing FAC 180).) Thus, Plaintiff stated a claim against Madden. In contrast, Judge Lewis found that Plaintiff has not sufficiently alleged a claim against Defendant Kernan because "Plaintiff presents no facts showing Kernan was ever even aware of Plaintiff's claim before Plaintiff filed the present suit." (*Id.*) Kernan also was not personally involved in the actions alleged by Plaintiff to deprive him of his constitutional rights.

No party filed objections to this portion of the R&R. The Court finds no clear error and **ADOPTS** the R&R as to Defendants Kernan and Madden. The Court **DENIES** the Motion to Dismiss Defendant Madden and **GRANTS** the Motion to Dismiss Defendant Kernan.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, and **DENIES IN PART AND GRANTS IN PART** Defendants' Motion to Dismiss.

Claim 1 of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Court finds that no amendment can cure the claim preclusion bar of this claim, and Plaintiff is not granted leave to amend this claim. In contrast, all claims against Defendant Kernan are **DISMISSED WITHOUT PREJUDICE**. The remainder of Defendants' Motion to Dismiss is **DENIED**.

Plaintiff **MAY** file an amended complaint to cure the deficiencies noted herein regarding claims against Defendant Kernan. Plaintiff may file a second amended complaint within thirty (30) days of the date this Order is electronically docketed. Plaintiff is cautioned that should he choose to file a second amended complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any and all defendant not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*,

693 F.3d 896, 928 (9th Cir. 2012) (en banc) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Plaintiff chooses not to file a first amended complaint within thirty days, the case will proceed on Plaintiff's remaining claims (i.e., Claims 2 through 5 against all Defendants except Kernan).

**IT IS SO ORDERED.**

Dated: July 11, 2018

Hon. Janis L. Sammartino
United States District Judge