UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, Ph.D., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-cv-3079-TWR-RBM<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO MODIFY BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**<br><br>[Docs. 126, 127] |

On October 29, 2020, Defendants Jeffrey Beard, Ph.D., et al. (collectively "Defendants") filed an ex parte application to modify the briefing schedule as to Plaintiff Stevie J. Stevenson's ("Plaintiff") motion for preliminary injunction or temporary restraining order ("Ex Parte Application"). (Doc. 127.) Pursuant to the Court's October 14, 2020 briefing schedule ("Briefing Schedule"), Defendants had until October 30, 2020 to file any opposition to Plaintiff's motion for preliminary injunction or temporary restraining order. (Doc. 126.) This is Defendants' first request for an extension of time to file an opposition. (Doc. 127.) Defendants requests a thirty-day continuance of the Briefing Schedule. (*Id.* at 1.)

/ / /

The undersigned's Civil Case Procedures and Chambers' Rules require that any request to continue a scheduling order deadline must be made in writing no less than seven (7) calendar days before the affected date. Defendants' Ex Parte Application was not timely filed. Notwithstanding the foregoing, Defendants allege good cause exists to grant the continuance. (Doc. 127 at 1-2.) Defendants allege good cause exists, because the Deputy Attorney General assigned to this case abruptly left the office on October 23, 2020. (*Id.* at 1.) Defendants request a continuance to give the office sufficient time to assign a new attorney to the case, and for that attorney to familiarize himself/herself with the case to file a response to Plaintiff's motion. (*Id.*) Defendants also contend that a continuance would not prejudice Plaintiff, and Defendants would not object to similar requests by Plaintiff as needed. (*Id.* at 2.)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification."). The sudden departure of an attorney one week before a response deadline is both unforeseeable and sufficient to find good cause here. Under the circumstances, a continuance allows Defendants additional time to assign a new attorney, become familiar with the case, and file a response. As such, good cause exists to grant a continuance of time.

Accordingly, the Ex Parte Application is **GRANTED**. The October 14, 2020 Briefing Schedule (Doc. 126) is hereby **AMENDED AS FOLLOWS**:

Defendants must file any opposition to Plaintiff's Motion on or before **December 2, 2020**. Plaintiff may file any reply brief on or before **December 23, 2020**. Upon completion of the briefing, the Court will take the matter under submission without an oral argument pursuant to Civil Local Rule 7.1(d)(1) and **no personal appearances will be required**. Counsel is **ADMONISHED** to comply with the undersigned's Civil Case Procedures and Chambers' Rules with respect to any future motion and/or ex parte application.

///

**IT IS SO ORDERED**.

DATE: November 3, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE