# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, Ph.D., et al,<br><br>　　　　　　Defendants. | Case No.: 3:16-cv-3079-TWR-RBM<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 131]** |

## I.　INTRODUCTION

Stevie J. Stevenson ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed a "Motion for Appointment of Counsel or Appointment of Investigator to Assist Plaintiff . . . ." (Doc. 131.) Liberally construing this filing, it is a Motion for Appointment of Counsel ("Motion"). (*See* Doc. 131 at 1, 6-7); *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe pro se litigants' filings, relieving them from strict application of procedural rules and demands).

For the reasons discussed below, Plaintiff's Motion is **DENIED** without prejudice.

/ / /

/ / /

/ / /

/ / /

## II. PROCEDURAL HISTORY

This case has a lengthy and complicated procedural history. This Order addresses filings relevant to the instant Motion.

### A. First Amended Complaint & Motion to Dismiss

On June 8, 2017, Plaintiff filed a First Amended Complaint ("FAC") asserting the following causes of action: (1) the due process rights of Plaintiff and other inmates housed in California state prisons were violated as a result of the California Department of Corrections & Rehabilitation's amendment of statutes governing law libraries in prisons; (2) Plaintiff's rights were violated when Centinela staff opened his legal mail outside of his presence; (3) Plaintiff was subject to retaliation by Centinela prison staff in that he was not allowed to mail outgoing documents to courts, attorneys, or the California Innocence Project; (4) Plaintiff's rights have been violated, because Centinela's litigation coordinator has withheld from Plaintiff an audio CD recording of an allegedly exculpatory witness statement; and (5) altogether, the cumulative effect of these deprivations have effectively denied Plaintiff the right to access the courts to present a "non-frivolous claim." (Docs. 8, 47.)

On January 18, 2018, all named Defendants filed a Motion to Dismiss portions of the FAC ("MTD"). (Doc. 32.) Defendants moved to dismiss Claims One and Five as barred by res judicata/claim preclusion. (*Id.* at 3-5.) Defendants contended Claim Five should be treated the same as Claim One, as it expanded upon Claim One's allegations. (*Id.* at 3 n.1.) Defendants also sought dismissal of Defendants Jeffrey Beard, Ph.D., R. Madden, and S. Kernan. (Doc. 32 at 3-7.)

### B. Court Orders on Defendants' MTD and Plaintiff's Motion for Reconsideration

On April 26, 2018, Magistrate Judge Peter C. Lewis issued a Report and Recommendation on the MTD ("R&R") recommending dismissal of Claim One but denial of the MTD as to Claim Five. (Doc. 47.) The R&R also recommended denying the MTD as to the dismissal of Defendants J. Beard, Ph.D. and R. Madden. (Doc. *Id.* at 12, 16.) But

the R&R recommended granting the MTD as to the dismissal of Defendant S. Kernan. (*Id.* at 16.)

On July 11, 2018, the Court adopted the R&R in full and granted Plaintiff leave to file a Second Amended Complaint ("SAC"). (Doc. 61.) In response, the Plaintiff filed a Motion for Reconsideration and appealed to the Ninth Circuit Court of Appeals. (Docs. 63-64.) The Ninth Circuit dismissed the appeal and the Court denied Plaintiff's Motion for Reconsideration. (Docs. 81, 89.) Plaintiff appealed the denial of the Motion for Reconsideration, and the Ninth Circuit dismissed that appeal. (Docs. 91, 104-105.)

After resolution of the foregoing appeal, on March 16, 2020, the Court issued an Order granting Plaintiff leave to file a SAC up through April 30, 2020. (Doc. 106 at 12.) On May 12, 2020, Plaintiff filed a notice stating Plaintiff's intention to proceed with the claims presented in the FAC, therefore on May 29, 2020, the Court directed Defendants to answer the remaining claims in the FAC. (Docs. 108-109.) On June 19, 2020, Defendants N. Telles, R. Madden, J. Beard, Ph.D., C. Bell, C. Walker, and P. Couch filed an Answer to the FAC. (Doc. 110.) On July 7, 2020, Patricia Couch became a named Defendant in place of "M[a]ilroom staff PC." (Doc. 113 at 4; *see* Doc. 8 at 2.)

C.   Instant Motion

The instant Motion, accepted *nunc pro tunc* to November 20, 2020, seeks an order appointing counsel for Plaintiff in this case. (Doc. 131 at 1, 6-7.) Plaintiff contends that appointment of counsel is necessary for several reasons. (*Id.* at 1-7.) In relevant part, Plaintiff alleges he cannot afford to hire independent counsel and imprisonment has greatly limited his ability to litigate this case. (*Id.* at 1.) Plaintiff also alleges that appointed counsel will assist him in gathering evidence for discovery, writing briefs, and trying the case. (*See id.* at 1-7.) In addition to the request for appointment of counsel, Plaintiff also raises several additional arguments regarding Defendants' alleged failure to respond to discovery and Plaintiff's need to retain several expert witnesses. (*Id.* at 4-6.) Because Plaintiff has not filed either a motion to compel or a motion to appoint experts, these requests will be solely addressed in the context of the Motion for Appointment of Counsel.

## IV. DISCUSSION

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in civil rights action, citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). But under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO (PC), 2014 WL 2208090, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at *2-3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. 93-1276-FR, 1994 WL 48967, at *2 n.1 (D. Or. Feb. 11, 1994). This includes civil rights litigation involving due process, retaliation, and access to the courts claims. *See Woodroffe v. Kulongoski*, 745 F. App'x 728, 729-30 (9th Cir. 2018) (affirming denial of appoint of counsel for pro se state prisoner, because Plaintiff's due process and retaliation claims did not present exceptional circumstances); *see also Quair v. Gertz*, 585 F. App'x 594, 595 (9th Cir. 2014) (upholding denial of appointment of counsel for pro se state prisoner, in part, where Plaintiff's access to the courts and retaliation claims did not demonstrate exceptional circumstances).

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. Although this case was filed in 2016, litigation is in its early stages given the lengthy initial pleading stage and various appeals. *See supra* p. 2-3. The parties are still engaged in discovery, and the pretrial motions cutoff date has not yet passed. (Doc. 114 at 1-3.) At this early stage of litigation, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such a determination.

As in *Woodroffe* and *Quair*, Plaintiff's due process, retaliation, and access to courts claims are not sufficiently complex to warrant appointment of counsel. *See Woodroffe*, 745 F. App'x at 729-30; *see also Quair*, 585 F. App'x at 595. Plaintiff has not demonstrated an inability to present his claims pro se. Rather, Plaintiff appears to grasp and articulate the issues and facts of his case well enough to have survived initial screening required 28 U.S.C. §§ 1915(e)(2) and 1915A. (*See* Doc. 13 at 4-6.) Plaintiff has demonstrated literacy and an ability to communicate through pleadings and motions. *See supra* p. 2-3. For example, Plaintiff has filed a wide variety of motions with exhibits and attachments as well as filed two appeals with the Ninth Circuit. (*See generally* Docs. 5, 7, 10, 12, 35, 37, 64, 91, 95, 125, 131.) Moreover, Plaintiff has propounded several sets of discovery to Defendants.[1] (Doc. 131 at 4-6.) Furthermore, Plaintiff identified six possible experts for trial such that he appears to understand expert discovery. (*Id.* at 4-6.) Plaintiff attached signed declarations from these identified experts, but he requests for appointed counsel to interview these witnesses. (*Id.* at 4, 7.) But by Plaintiff's own admission, he can try this case without the assistance of counsel: "Plaintiff is of the belief that he can try his case in pro-se, but the appointment of an . . . attorney *just to obtain information* will

---

[1] Plaintiff vaguely alleges Defendants have not, as of November 6, 2020, responded to Plaintiff's requests for production of documents, interrogatories, nor answered his requests for admissions. (Doc. 131 at 6.) He also alleges Defendant Madden has not responded to Plaintiff's interrogatories, Plaintiff's requests for production of documents, nor Plaintiff's request for inspection. (*Id.* at 4.) The Court will not consider any discovery dispute absent a showing that the parties have met-and-conferred and a properly-filed motion to compel. *See* CivLR 26.1(a).

greatly assist him present his case to a jury during trial." (Doc. 131 at 7 (emphasis added).) Such a justification fails to demonstrate an exceptional circumstance. *See Palmer*, 560 F.3d at 970.

In considering the nature of Plaintiff's claims together with Plaintiff's ability to articulate the same, the undersigned does not find exceptional circumstances exist to justify appointment of counsel at this time. If this case proceeds beyond summary judgment, the Court may consider appointment of trial counsel.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, without prejudice.

DATE: December 7, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE