UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>                      Plaintiff,<br>v.<br><br>JEFFREY BEARD, Ph.D., et al.,<br><br>                     Defendants. | Case No.: 3:16-cv-03079-TWR-RBM<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:**<br><br>**(1) PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>**(2) PLAINTIFF'S MOTION TO APPRISE THE COURT OF PLAINTIFF'S INTENTION TO FILE MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Docs. 123, 125] |

## I. INTRODUCTION

Stevie J. Stevenson ("Plaintiff"), a prisoner currently incarcerated at Solano State Prison ("Solano"), proceeds pro se and *in forma pauperis* on a First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Docs. 6, 8.) There are currently six Defendants: Jeffrey Beard, former Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); C. Walker, a mailroom staff

1  member at Centinela State Prison ("Centinela"); C. Bell, a mailroom supervisor at
2  Centinela; Patricia Couch, a mailroom staff member at Centinela; N. Telles, a litigation
3  coordinator at Centinela; and R. Madden, Warden of Centinela (collectively
4  "Defendants").[1] (Docs. 8, 113.)

5  On September 30, 2020, Plaintiff filed a "Motion to Apprise Court of Plaintiff's
6  Intention to File Motion for Preliminary Injunction," relating to CDCR's September 11,
7  2020 publication of a notice of change to California Code of Regulations, title 15, section
8  3124 ("Section 3124"), regarding the content of prison law libraries ("Section 3124").
9  (Doc. 123.) The Motion to Apprise the Court stated Plaintiff's intention to prevent CDCR
10 from changing this regulation. (*Id.*) Shortly thereafter on October 6, 2020, Plaintiff filed
11 the instant "Motion for Preliminary Injunction or Temporary Restraining Order"
12 ("Motion") seeking to stop CDCR from changing its regulation on law library contents.
13 (Doc. 125.) The Court accepted the Motion *nunc pro tunc* to October 1, 2020. (*Id.*)
14 Defendants filed an Opposition brief on December 2, 2020. (Doc. 132.) Plaintiff filed a
15 Reply in Support of his Motion on January 12, 2021. (Doc. 139.)

16 The matter was referred to the undersigned for Report and Recommendation
17 pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(a). After a thorough
18 review of the papers, supporting documents, previous orders of the Court, and applicable
19 law, the undersigned respectfully recommends the Motion for Preliminary Injunction be
20 **DENIED** and Plaintiff's Motion to Apprise the Court be **DENIED AS MOOT**.

21  II.   **BACKGROUND**

22 This is not Plaintiff's first request for a preliminary injunction regarding the content
23 of prison law libraries. (*See* Doc. 95.) Indeed, on March 7, 2019, Plaintiff filed a motion
24 for preliminary injunction seeking to stop CDCR from destroying and/or removing all law
25 books from its law libraries. (*Id.*) On March 16, 2020, District Judge Janis L. Sammartino

---

[1] District Judge Janis L. Sammartino's Order of July 11, 2018 dismissed S. Kernan, the former Secretary of CDCR, as a Defendant. (Doc. 61.)

issued an order denying Plaintiff's motion. (Doc. 106.) There is a lengthy history regarding Plaintiff's access to the court cause of action, therefore, the procedural history is outlined below.

### A. Surviving Causes of Action in First Amended Complaint

On June 8, 2017, Plaintiff filed the operative FAC asserting the following causes of action: (1) Plaintiff and other inmates housed in California state prisons have been deprived of their due process rights as a result of CDCR amending statutes governing law libraries in prisons; (2) Plaintiff's rights were violated when Centinela staff opened his legal mail outside of his presence; (3) Plaintiff was subject to retaliation by Centinela prison staff in that he was not allowed to mail outgoing documents to courts, attorneys, or the California Innocence Project; (4) Plaintiff's rights have been violated because Centinela's litigation coordinator has withheld from Plaintiff an audio CD recording of an allegedly exculpatory witness statement; and (5) altogether, the cumulative effect of these deprivations have effectively denied Plaintiff the right to access the courts to present a "non-frivolous claim." (Docs. 8, 47.)

As to Claim One, Plaintiff contended law library changes rendered the library ineffective and prevented Plaintiff from conducting meaningful legal research to challenge "sentences . . . convictions . . . and conditions of confinement." (Doc. 8 at 5-10, 13.) The FAC cited Plaintiff's petitions for writ of habeas corpus challenging these same issues. (*Id.* at 10-11; *see also* Doc. 32-2.)

On January 18, 2018, Defendants filed a Motion to Dismiss portions of the FAC. (Doc. 32.) Magistrate Judge Peter C. Lewis issued a Report and Recommendation, recommending, in part, dismissal of Claim One on res judicata grounds because Plaintiff's previously-filed habeas petitions challenged Defendant Beard's actions in amending statutes governing law libraries in prisons. (Doc. 47; *see also* Docs. 32-2, 38-1, 38-2, 39.) District Judge Sammartino adopted Magistrate Judge Lewis' report and recommendation in full, thereby dismissing Claim One. (Doc. 61 at 8.) However, the access to court cause

of action in Claim Five remains. (*Id.* at 7.) Claims Two, Three, and Four remain as well, although not relevant to the instant Motion.

### B. March 2020 Order on Plaintiff's Initial Motion

As stated above, Plaintiff previously filed a motion for preliminary injunction seeking to stop CDCR from destroying and/or removing all law books from its law libraries. (Doc. 95.) The Court's March 16, 2020 order denied the motion on several grounds, reasoning: (1) Plaintiff, proceeding pro se, lacked authority to seek broad, generalized injunctive relief across all prison libraries; (2) Plaintiff's request for relief is moot due to Plaintiff's transfer from Centinela to Solano during the pendency of litigation, as Claim Five is predicated upon conduct that occurred while Plaintiff was housed at Centinela; and (3) Plaintiff failed to carry his burden in demonstrating a likelihood of success on the merits. (Doc. 106 at 7-12.)

### C. Proposed Amendments to Regulation on Content of Law Libraries

On September 11, 2020, CDCR issued a Notice of Change to Regulations announcing the proposed amendments to Section 3124.[2] (*See* Doc. 132-2 at 3-11). The notice states the amendments will "[p]rovide the required materials only in digital format increasing the use of the electronic resources by inmates, which will increase their digital literacy and better prepare them for their return to the community." (Doc. 132-2 at 5.) Aside from the migration of library resources to a digital format, the proposed amendments to Section 3124 no longer require the following supplemental resources to be provided: Federal Rules of Decisions; Corpus Juris Secundum; and California Jurisprudence. (*Id.* at 8.) However, the following supplemental legal materials are to be made available to

---

[2] Defendants request the Court to take judicial notice of CDCR's Notice of Change to Regulations, Number 20-13, pursuant to Federal Rule of Evidence 201(b). (Doc. 132-1 (citing *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc)).) Given that CDCR's proposed amendments to Section 3124 can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, it is appropriate to take judicial notice of the same. *See* Fed. Rule Evid. 201(b)(2); *see generally* https://www.cdcr.ca.gov/regulations/cdcr-regulations/pending-changes-to-department-rules-2/ (last visited Mar. 24, 2021).

4

inmates via electronic means: all United States Supreme Court cases, all federal appeals court cases, and all federal district court cases. (*Id.*)

### D.  Instant Motion

Plaintiff's instant Motion seeks to stop CDCR from changing Section 3124 until this lawsuit has been resolved. Plaintiff contends CDCR's proposed amendments to Section 3124 "has stripped prisoners' rights to the 'tools' that prisoner's [sic] were given an equal right to by the Court in Gilmore without any recourse. The . . . proposed regulation mirrors the regulation that was deemed meager by the Court in Gilmore . . . ." (Doc. 125 at 20-21 (citing *Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970).) Defendants counter that Plaintiff's request is not ripe, and in any event, CDCR's proposed amendments are not related to Plaintiff's access-to-court cause of action in Claim Five. (Doc. 132 at 3-6.) Finally, Defendants argue the request fails for substantive reasons because Plaintiff is not likely to prevail on the merits of this claim and no irreparable or immediate harm has been demonstrated. (*Id.* at 6-9.)

### III.  LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citation omitted). Indeed, it may only be awarded upon a "clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (it is movant's burden of persuasion to make a clear showing of entitlement to preliminary injunctive relief) (citation omitted). When a request for injunctive relief against a government agency is involved, the Court must also "observe the requirement that the government be granted the widest latitude in the dispatch of its own affairs." *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (internal quotations and citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (it is not the Court's role to shape government institutions to comply with the laws and Constitution).

A threshold requirement for preliminary injunctive relief is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the

underlying complaint . . . ." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus between the injury claimed in the motion and complaint exists when the "preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1989)). Notably, there is no basis to grant an injunction when the injunction "deals with a matter lying wholly outside the issues in the suit." *De Beers*, 325 U.S. at 220.

As to the merits of a motion for preliminary injunctive relief, the party seeking relief must demonstrate four factors: "[plaintiff] is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*). In circumstances where the moving party is incarcerated, the well-established standard for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"). Before granting any prospective relief under the PLRA, the Court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. § 3626(a)(1). In doing so, the Court must also give "'substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.'" *See Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998) (citing 18 U.S.C. § 3626(a)(1)). While the PLRA affects the *type* of prospective relief the Court may award, "it has not substantially changed the threshold findings and standards required to justify an injunction." *Gomez*, 255 F.3d at 1129.

### IV. ANALYSIS

#### A. Authority to Seek Class-Wide Injunctive Relief

The instant Motion seeks broad, generalized relief to enjoin CDCR from adopting amendments to Section 3124. Plaintiff contends an injunction is necessary because the proposed amendments globally affect all prisoners' rights, especially those who are

6

indigent. (Doc. 125 at 23-31.) Specifically, Plaintiff contends he "and others within CDC[R] will suffer irreparable injury if the injunction is not granted because it will allow CDC[R] to limit the legal research materials 'TOOLS' by changing the language in the CCR . . . that has already been deemed too restrictive and a violation of prisoners' equal protection rights." (*Id.* at 26.) Plaintiff contends "[i]f no injunction is issued Plaintiff and at least 100,000 men[,] women and juveniles, who are indigent, will be deprived of the 'TOOLS' needed to attack their sentences . . . or to challenge their conditions of confinement . . ." (*Id.* at 27.)

The Court's screening order on Plaintiff's original complaint cautioned Plaintiff that he has no authority to seek class-wide relief. (Doc. 6 at 7-8.) To be sure, "[a] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962); *Oxendine v. Williams*, 509 F.2d 1405-1407 (4th Cir. 1975) ("[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *McShane v. U.S.*, 366 F.2d 286 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). For the same reasons as set forth in the Court's March 2020 order denying Plaintiff's initial motion, Plaintiff's request for broad, generalized injunctive relief seeking to benefit all prisoners within CDCR facilities must be denied. (Doc. 106 (citing *Spence v. Beard*, No. 2:16-cv-1828-KJN-P, 2017 WL 896293, at *3 (E.D. Cal. Mar. 6, 2017) (dismissing pro se prisoner's attempt to bring class action challenging content of CDCR's law library).)

B. <u>Mootness</u>

An additional threshold requirement for preliminary injunctive relief is whether a nexus exists between the injury claimed in the underlying Motion and the conduct alleged in FAC. *See Pac. Radiation Oncology*, 810 F.3d at 636. In analyzing the same, the mootness of Plaintiff's request for relief becomes apparent as the 2020 proposed amendments to Section 3124 were not published until well after the filing of Plaintiff's FAC and certainly not while Plaintiff was housed at Centinela. Essentially, Plaintiff is

inappropriately utilizing the remedy of prospective relief as a means to amend his complaint to assert a new claim against a different CDCR facility.

At the time Plaintiff filed the FAC, Plaintiff was housed at Centinela. (Doc. 8 at 1.) Claim Five—the only surviving cause of action pertaining to the adequacy of the prison's law library—is predicated upon the collective conduct of Centinela staff members and alleged violations of Plaintiff's constitutional rights that occurred while Plaintiff was housed at Centinela. (*Id.* at 32-39.) Subsequent to the filing of the FAC, Plaintiff filed an *ex parte* letter advising the Court of his February 13, 2019 transfer to Solano. (Doc. 88; *see also* Doc. 90.)

As set forth in *Dilley v. Gunn*, "[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." 64 F.3d 1365, 1368 (9th Cir. 1995). In *Dilley*, the district court granted injunctive relief requiring Calipatria to improve a prisoner's access to its law library. *Id.* at 1367. On appeal, the Ninth Circuit found the prisoner's case moot because the prisoner was transferred from Calipatria to another California state prison. *Id.* at 1368. Although the prisoner argued the issue as "capable of repetition, yet evading review," the Ninth Circuit disagreed. *Id.* The Court cited numerous cases involving access to law library claims to determine these claims generally do not evade review. *Id.* at 1369. The Court also found the prisoner's claim that he may be transferred back to Calipatria sometime in the future as too speculative to avoid application of the mootness doctrine. *Id.*

Here, the entirety of Claim Five is predicated upon alleged violations of Plaintiff's constitutional rights that occurred while Plaintiff was housed at Centinela. (Doc. 8 at 32-39.) Moreover, Plaintiff's transfer from Centinela to Solano in 2019 pre-dates the September 11, 2020 notice of the proposed amendments to Section 3124 at issue in the instant Motion. (Docs. 88, 90; *see also* Doc. 132-2 at 3-11). Given that this litigation has not been certified as a class action, Plaintiff's claim for injunctive relief as it pertains to Centinela is now moot. *Dilley*, 64 F.3d at 1368.

C.  Ripeness

Even assuming *arguendo* Plaintiff's request for injunctive relief was properly before the Court, the issue is not ripe for review.

The very purpose of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149 (1967) *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Here, issuing an opinion on a *proposed* regulation which has yet to be adopted would amount to an advisory opinion. *See E.P.A. v. Brown*, 431 U.S. 99, 103-104 (1977) (stating, "[f]or this Court to review regulations not yet promulgated, the final form of which has only been hinted at, would be wholly novel.") (internal citation omitted); *see also Nixon v. Admin. Gen. Servs.*, 433 U.S. 425, 437-439 (1977) (declining judicial review of regulations yet to be proposed, and limiting review to consideration of constitutional claims addressing facial validity of the Presidential Recordings and Materials Preservation Act); *Andrews v. Davis*, 944 F.3d 1092, 1121-1222, n.16 (9th Cir. 2019) (dismissing habeas petitioner's challenge to the California lethal injection protocol as unripe because California did not have protocol in place at the time the district court ruled (citing *Payton v. Cullen*, 658 F.3d 890, 893 (9th Cir. 2011)).  Because the proposed amendments to Section 3124 are not yet effective, any ruling on the constitutionality the tentative regulation is premature. (Doc. 132-2 at 3.)

In sum, Plaintiff's pro se status prevents him from seeking broad, generalized prospective relief across all prisons.  Moreover, the issues of mootness and ripeness prevent the Court from entertaining the substantive merits of the underlying Motion.

## V.  CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Todd W. Robinson under 28 U.S.C. § 636(b)(1)(B) and Rule 72.1(c)(1)(a) of the Local

Civil Rules of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order approving and adopting this Report and Recommendation, and **DENYING** the Motion for Preliminary Injunction (Doc. 125) and **DENYING** the Motion to Apprise Court (Doc. 123).

**IT IS ORDERED** that no later than **April 12, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 26, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: March 29, 2021

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE