1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   STEVIE J. STEVENSON,                    Case No.:  3:16-cv-03079-TWR-RBM

12                          Plaintiff,       **ORDER:**

13   v.

14   JEFFREY BEARD, Ph.D., et al.,           **(1) DENYING MOTION TO
                                             COMPEL DISCOVERY (DOC. 169);**
15                          Defendants.      **AND**

16
                                             **(2) DENYING AS MOOT MOTION
17                                           TO COMPEL DEFENDANT COUCH
                                             TO ANSWER REQUESTS FOR
18                                           GENUINENESS OF DOCUMENTS**
19                                           **(DOC. 178.)**

20

21            I.    **INTRODUCTION**

22        Plaintiff Stevie J. Stevenson ("Plaintiff"), a prisoner proceeding pro se and *in forma*

23   *pauperis*, filed a first amended complaint ("FAC") pursuant to 42 U.S.C. § 1983.  (Docs.

24   6, 8.)  There are currently six Defendants: J. Beard, Ph.D., N. Telles, R. Madden, C. Bell,

25   C. Walker, and P. Couch (collectively, "Defendants").[1]   (Docs. 8, 61, 109–10, 113.)

26   _____

27
     [1] The Court's Order of July 11, 2018 dismissed S. Kernan, the former Secretary of CDCR,
28   as a Defendant.  (Doc. 61.)

                                        1

1    On June 7, 2021, Plaintiff filed a motion to compel discovery ("MTC Requests for

2  Production"), which was accepted *nunc pro tunc* to June 3, 2021.  (Doc. 169.)  On June 9,

3  2021, Plaintiff filed a subsequent motion to compel Defendant Couch to answer requests

4  for genuineness of documents ("MTC Requests for Admission"), which was accepted *nunc*

5  *pro tunc* to June 8, 2021.  (Doc. 178.)  On June 17, 2021, Defendants filed a combined

6  opposition to Plaintiff's discovery motions ("Opposition").  (Doc. 184.)

7    For the reasons outlined below, Plaintiff's MTC Requests for Production (Doc. 169)

8  is **DENIED** and Plaintiff's MTC Requests for Admission (Doc. 178) is **DENIED AS**

9  **MOOT**.

10                  II.    **FACTUAL & PROCEDURAL BACKGROUND**

11    A.    Surviving Causes of Action in First Amended Complaint

12    On June 8, 2017, Plaintiff filed the operative FAC asserting the following causes of

13  action: (1) Plaintiff and other inmates housed in California state prisons have been deprived

14  of their due process rights as a result of the California Department of Corrections &

15  Rehabilitation's ("CDCR") amendment to statutes governing law libraries in prisons; (2)

16  Plaintiff's rights were violated when Centinela State Prison ("Centinela") staff opened his

17  legal mail outside of his presence; (3) Plaintiff was subjected to retaliation by Centinela

18  staff in that he was not allowed to mail outgoing documents to courts, attorneys, or the

19  California Innocence Project; (4) Plaintiff's rights were violated because Centinela's

20  litigation coordinator withheld from Plaintiff an audio CD recording of an alleged

21  exculpatory witness statement; and (5) altogether, the cumulative effect of these

22  deprivations effectively denied Plaintiff the right to access the courts to present a "non-

23  frivolous claim."  (Docs. 8, 47.)  Claim one has been dismissed, however, the access to

24  court cause of action is preserved in claim five.  (Docs. 32, 61.)

25    B.    Instant Motions

26    In Plaintiff's MTC Requests for Production, Plaintiff seeks to compel Defendants J.

27  Beard and R. Madden's responses to Plaintiff's first set of requests for inspection and

28  / / /

2

1    production.[2]  (Doc. 169 at 1.)   Requests for Production ("RFP") Nos. 1–3 seek the

2    following: (1) photographs of Centinela and Solano State Prison's ("Solano") law libraries;

3    (2) production of one computer with the "Premise" system published by Westlaw and one

4    computer with the "Mathew Bender" collection published by Lexis Nexis for jury testing;

5    and (3) one CD-ROM with the "Premise" system used from January 2011 through 2014

6    and one CD-ROM with the "Mathew Bender" collection used from January 1, 2014 to the

7    response date. (Doc. 169, Pl.'s Ex. 2 at 10–12.)  Plaintiff's motion is based on Defendants'

8    alleged failure to provide Plaintiff with photographs of Solano's law library in RFP No. 1

9    and the other items requested in RFP Nos. 2–3. (*Id.* at 1, 3.)

10          In Plaintiff's MTC Requests for Admission, Plaintiff seeks to compel Defendant P.

11   Couch's responses to Plaintiff's first set of requests for admission.  (Doc. 178, Pl.'s Ex. 1

12   at 10.)   Specifically, Plaintiff requests Defendant P. Couch admit the genuineness of

13   documents in Requests for Admission ("RFA") Nos. 19–23 and provide unqualified

14   admissions or denials in RFA Nos. 24–31.  (*Id.* at 1.)  Plaintiff's motion is based on

15   Defendant P. Couch's objections to each RFA based upon them exceeding the allowable

16   limit.  (*Id.* at 2–3.)  Plaintiff requested the Court to "stay" a ruling on this motion during

17   the pendency of District Judge Todd W. Robinson's ruling on Plaintiff's objections to the

18   undersigned's March 12, 2021 order on Plaintiff's motion to compel.[3]  (*See* Docs. 148,

19   152.)   Given that Judge Robinson issued an order overruling Plaintiff's objections on

20   _____

21

22   [2] On March 12, 2021, the undersigned issued an order denying in part and granting in part
     Plaintiff's February 9, 2021 motion to compel (Doc. 148), in which Plaintiff was ordered

23   to re-serve the first set of requests for inspection and production upon Defendants because
     Defendants alleged they had no record of receiving the request.  (Doc. 148 at 21–22.)

24   Defendants mailed their responses to Plaintiff on April 23, 2021.  (Doc. 169, Pl.'s Ex. 3 at

25   19.)
     [3] One of the issues presented in Plaintiff's February 9, 2021 motion to compel sought the

26   RFAs propounded upon Defendant P. Couch to be deemed admitted based upon Couch's
     failure to timely serve responses.  The undersigned's March 12, 2021 order denied this

27   request and Plaintiff filed an objection to this ruling.  (*See* Doc. 148 at 12–13; *see also* Doc.

28   152 at 11–12.)

1  August 13, 2021, Plaintiff's request for a stay is moot. (Doc. 205 at 10.)

## III.   LEGAL STANDARD

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that his request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining[,] or supporting its objections." *Bryant*, 2009 WL 1390794, at *1 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

## IV.   DISCUSSION

### A.   Meet & Confer Efforts

Pursuant to Civil Local Rule 26.1(a), the Court will not entertain a motion to compel made under Federal Rules of Civil Procedure 26–37 unless the parties have previously met and conferred concerning all discovery disputes. CivLR 26.1(a). Upon providing notice to all affected persons, a motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." FED. R. CIV. P. 37(a)(1). Meet and confer efforts also apply to pro se litigants. *See Madsen v. Risenhoover*, No. C 09–5457 SBA (PR), 2012 WL 2873836, at *3 (N.D. Cal. July 12, 2012) (finding that the meet and confer requirement applies to incarcerated individuals but noting plaintiff may send a letter to defendants).

The parties' briefing is silent on any meet and confer efforts; however, on June 17, 2021, Defendants served Plaintiff with amended responses to RFA Nos. 19–31. (Doc. 184–2, Defs.' Ex. 1 at 2–11; Doc. 184–3 at 1.) Additionally, the parties have previously

1    met and conferred regarding various discovery disputes. (Doc. 148 at 3–4; Doc. 164 at 5–

2    6.) Although Plaintiff failed to include a certification with his discovery motions indicating

3    that he made a good-faith effort to meet and confer on these discovery disputes, the

4    undersigned finds substantial compliance with the rules. *See, e.g., Madsen*, 2012 WL

5    2873836, at *3 (finding that pro se inmate's failure to meet and confer before filing motion

6    to compel did not warrant outright denial of motion); *see also Moore v. Lankford*,

7    19CV2406–DMS (BLM), 2020 WL 6262379, at *2 (S.D. Cal. Oct. 22, 2020) (waiving

8    meet and confer requirements for pro se plaintiff). Therefore, Plaintiff's motions will be

9    considered on the merits. CivLR 26.1(a).

10           B.    Defendants J. Beard and R. Madden's Responses to RFP Nos. 1–3

11           Plaintiff seeks to compel further responses to RFP Nos. 1–3. Defendants' responses

12    are copied below:

13    **RFP NO. 1**: (1) Photographs
      (a) All rooms in the Facility 'A' Law Library at CSP-Centinela.
14    (b) All rooms in the Facility 'C' Law Library at CSP-Centinela.
      (c) All rooms and book shelves in the Facility 'A' & 'B' Law Library at CSP-Solano.
15    (d) All rooms and book shelves in the Facility 'C' & 'D' Law Library at CSP-Solano.
16    (e) The General area of the Facility 'A' and 'C' Law Library that depicts the counter
17    area and LLEDS system to show the set up, at CSP-Centinela.
      (f) The General area of Facilities 'A' 'B' 'C' & 'D' Law Library that depicts the
18    counter area and LLEDS system to show the set up, at CSP-Solano.

19
      If the jury is not allowed to visit CSP-Centinela and CSP-Solano's Law Library it is
20    Plaintiff's intention to show them what the law library looks like and what the
21    capacity could look like. It is Plaintiff's intention to show the jurors how the shelves
      look with books on them and what shelves look like empty without any books.
22

23    **DEFENDANTS' RESPONSE**: Objection. Overbroad. Compound. It is not
      relevant to this litigation nor is it proportional to the needs of the case, considering
24    the importance of the issues at stake in the action, the amount in controversy, the
25    parties' relative access to relevant information, the parties' resources, the importance
      of the discovery in resolving the issues, and whether the burden or expense of the
26    proposed discovery outweighs its likely benefit. Defendants are under no obligation
27    to create documents such as photographs, but to produce relevant and unprivileged
      documents that already exist. Without waiving these objections, Defendant responds
28

as follows: Photographs of the Centinela State Prison facility law libraries are attached hereto as AGO 835 to AGO 900. Photographs of the Solano State Prison were not taken because they are irrelevant to this litigation.

**RFP NO. 2**: (2) Testing or Sampling
(a) A Law Library Electronic Delivery System loaded with the "Premise" system published by Westlaw.
(b) A Law Library Electronic Delivery System loaded with the "Mathew Bender" collection published by Lexis Nexis.

It is Plaintiff's intention to provide the Jury with two LLEDS computers one with the "Gilmore Collection" published by Westlaw and the other one with the "Mathew Bender Collection" published by Lexis Nexis and allow them to test or sample both computers in order to allow them to see for themselves if the Lexis Nexis system is functionally EQUIVALENT to the Westlaw system.

**DEFENDANTS' RESPONSE**: Objection. Overbroad. Compound. Burdensome and harassing because it is a violation of copyright law for Defendants to distribute these products. It is not relevant to this litigation nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The current Lexis system is available to Plaintiff in the law library, and any other product Plaintiff wishes to acquire can be purchased from the publisher. The request is premature as no expert has been designated by Plaintiff, and there currently is no jury.

**RFP NO. 3**: (3) Electronically Stored Information Or Documents
(a) A CD-ROM that has the Premise legal resource system published by Westlaw, or the documents that depicts the legal resource materials that were on the LLEDS system from January 2011 through January 2014.
(b) A CD-ROM that has the Mathew Bender Collection legal resource system published by Lexis-Nexis, or the documents that depicts the legal resource materials that were on the LLEDS system from January 1, 2014, up to the date of your response.

This request for inspection of things and places to defendants Beard and Madden shall be deemed continuing so as to require supplemental answers as new and different information materializes.

1   **DEFENDANTS' RESPONSE**: Objection. Overbroad. Compound. Burdensome
2   and harassing because it is a violation of copyright law for Defendants to distribute
    these products.  It is not relevant to this litigation nor is it proportional to the needs
3   of the case, considering the importance of the issues at stake in the action, the amount
4   in controversy, the parties' relative access to relevant information, the parties'
    resources, the importance of the discovery in resolving the issues, and whether the
5   burden or expense of the proposed discovery outweighs its likely benefit.  The Lexis
6   system is available to Plaintiff in the prison law library, and any other products
    Plaintiff wishes to acquire can be purchased from the publishers.
7
8   (Doc. 169, Pl.'s Ex. 2 at 10–12.)

9       A party serving a request within the scope of Rule 26(b) may seek production or

10  permission "to inspect, copy, test, or sample . . . any designated documents or electronically

11  stored information including . . . photographs, sound recordings . . . and other data . . . ."

12  FED. R. CIV. P. 34(a).  Parties responding to requests for production have a "duty under

13  Rule 34 to conduct a diligent search and reasonable inquiry in [their] effort to obtain

14  responsive documents." *Kaur v. Alameida*, CV F 05 276 OWW DLB, 2007 WL 1449723,

15  at *2 (E.D. Cal. May 15, 2007).

16      As to RFP No. 1, Defendants' overbreadth and relevance objections are sustained.

17  At the time Plaintiff filed the FAC, Plaintiff was housed at Centinela.  (Doc. 8 at 1.)  Claim

18  five—the only surviving cause of action pertaining to the prison's law library—is based on

19  the collective conduct of Centinela staff members and alleged violations of Plaintiff's

20  constitutional rights that occurred while Plaintiff was housed at Centinela.  (*Id.* at 32–39.)

21  Defendants provided Plaintiff with photographs of Centinela's law library facilities and

22  Plaintiff does not contest the sufficiency of discovery with respect to the Centinela

23  photographs.  The Court previously found that the FAC's claim five is based on the

24  collective conduct of Centinela staff members while Plaintiff was housed at Centinela.

25  (Doc. 106 at 8–9 (citing Doc. 8 at 32–39).)  Given that Solano's law library facilities are

26  not the subject of litigation, Plaintiff's request for photos of Solano's facilities is irrelevant.

27  *See Bryant*, 2009 WL 1390794, at *1; *see also* FED. R. CIV. P. 26(b)(1).  Therefore,

28  Plaintiff's motion as to RFP No. 1 is **DENIED**.

1    With respect to RFP Nos. 2–3, Plaintiff contends the requests are relevant to show

2  that the research tools provided by Lexis Nexis are not functionally equivalent to the

3  resources mandated by regulation. (Doc. 169 at 4–6.) Notably, the right of access to the

4  courts does not guarantee "any particular methodology," but rather, only the capability to

5  challenge sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 356–

6  57 (1996). A prisoner claiming denial of his right of access to the courts must establish he

7  suffered an actual injury, which is "actual prejudice with respect to contemplated or

8  existing litigation, such as the inability to meet a filing deadline or present a claim." *Id.* at

9  348 (quotation omitted). As Judge Robinson found, merely showing a preference for

10  certain legal research resources is not sufficient to make this showing of actual injury. (*See*

11  Doc. 205 at 7.) Even so, the scope of discovery is broad and the information requested in

12  discovery need not be admissible in evidence to be discoverable. *Republic of Ecuador v.*

13  *Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (citation omitted); *see also* FED. R. CIV. P.

14  26(b)(1). Here, Plaintiff has sufficiently demonstrated the information requested is

15  arguably relevant. *Bryant*, 2009 WL 1390794, at *1.

16    As to RFP No. 2, Defendants' overbreadth objection is overruled as Plaintiff

17  describes the materials to be produced with reasonable particularity. FED. R. CIV. P. 34(b).

18  Aside from the overbreadth objection, Defendants object to RFP No. 2 as burdensome

19  based upon "the parties' relative access to relevant information and the parties' resources."

20  (Doc. 184 at 3–4.) In their Opposition, Defendants contend they no longer license the

21  Westlaw system and thus do not have access to the system for discovery purposes. (*Id.* at

22  4–6.)

23    A threshold issue in any Rule 34 request for inspection is whether the item requested

24  is within the other party's possession, custody, or control. FED. R. CIV. P. 34(a)(1).

25  "Property is deemed within a party's 'possession, custody, or control' if the party has

26  *actual* possession, custody, or control thereof or the legal right to obtain the property on

27  demand." *Marti v. M.A. Baires*, No. 08-cv-653-AWI-SKO PC, 2012 WL 2029720, at *19

28  (E.D. Cal. June 5, 2012) (emphasis added) (internal citation omitted). In the context of

1   electronically stored information ("ESI") discovery, determining whether a request is

2   burdensome depends on whether the information is accessible. *See U.S. ex rel. Carter v.*

3   *Bridgepoint Ed., Inc.*, 305 F.R.D. 225, 239 (S.D. Cal. 2015).  In *Bridgepoint*, Defendants

4   objected to production of ESI on the grounds that their databases were stored in backup

5   tapes and therefore, not reasonably accessible due to the undue burden and costs of

6   retrieving the information.  *Id.* at 233.  The court sustained the objection reasoning that

7   "inaccessible simply means that expenditure of resources required to access the contents is

8   itself unreasonable." *Id.* at 238.  Here, not only have Defendants sufficiently demonstrated

9   a lack of *actual* possession of the Westlaw system, but that it is inaccessible because it

10  would require an expenditure of resources to license the system.  (Doc. 184 at 4–6.)

11  Accordingly, Defendants' burdensome objection as it relates to a testing or sampling of

12  Westlaw is sustained.

13       As to RFP No. 2's request for a testing or sampling of Lexis Nexis, Defendants

14  contend Plaintiff currently has access to the system in the Solano prison law library.  (Doc.

15  184 at 4–6)  Generally, this type of objection is not well-taken and insufficient to resist a

16  discovery request.  *Pangborn v. L.A. Cnty. Deputy Sheriffs Lieutenant Baudino*, No. CV

17  15–6812 AB(JC), 2018 WL 6265055, at *2 (C.D. Cal. Sept. 27, 2018) (overruling

18  objection that information was equally available to plaintiff in Section 1983 civil rights

19  case).  However, Rule 26(b) requires a court to limit the extent and frequency of discovery

20  if the discovery sought "can be obtained from some other source that is more convenient,

21  less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).  Here, it appears to be

22  more convenient and less burdensome for Plaintiff to access the Lexis Nexis system from

23  Solano's law library for testing and sampling.  Therefore, Plaintiff's motion as to RFP No.

24  2 is **DENIED**.

25       As to RFP No. 3, Plaintiff requests the same information as RFP No. 2—access to

26  the Lexis Nexis and Westlaw systems—but in CD-ROM format.  (Doc. 169, Pl.'s Ex. 2 at

27  11–12.)  Defendants' objections to RFP No. 3 are essentially verbatim to those stated in

28  RFP No. 2. (Doc. 184 at 3–6.)   Accordingly, the Court's analysis as to RFP No. 2 applies

1  equally here such that Plaintiff's motion as to RFP No. 3 is **DENIED**. *Supra* pp. 8–9.

2        C.   Defendant P. Couch's Responses to RFA Nos. 19–31

3        In Plaintiff's MTC Requests for Admission (Doc. 178),  he seeks to compel

4  Defendant P. Couch's responses to RFA Nos. 19–31.  Initially, Defendant Couch objected

5  to RFP Nos. 19–31 because Plaintiff's requests exceeded the number of allowable requests

6  pursuant to CivLR 36.1.  (Doc. 178, Pl.'s Ex. 2 at 26–30.)  However, Defendant Couch has

7  since served Plaintiff with amended responses to RFA Nos. 19–31 on June 17, 2021.  (Doc.

8  184 at 6; Doc. 184–2, Defs.' Ex. 1 at 3–11; Doc. 184–3.)  In reviewing the amended

9  answers, responses comply with Federal Rule of Civil Procedure 36(a)(4).  Therefore,

10  Plaintiff's motion as to RFA Nos. 19–31 is **DENIED AS MOOT**.

11  **V.   CONCLUSION**

12        For the foregoing reasons and as outlined in detail above, Plaintiff's MTC Requests

13  for Production (Doc. 169) is **DENIED** and Plaintiff's MTC Requests for Admission (Doc.

14  178) is **DENIED AS MOOT**.

15        **IT IS SO ORDERED**.

16  DATE: September 28, 2021

17  _____

18  HON. RUTH BERMUDEZ MONTENEGRO
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28