UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON<br>CDCR #K-16324,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　　　　Defendant. | Case No.: 16-CV-3079 TWR (RBM)<br><br>**ORDER (1) DENYING MOTIONS FOR RECONSIDERATION OF THE ORDER ON SUMMARY JUDGMENT, AND (2) TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE GRANTED ON QUALIFIED IMMUNITY GROUNDS**<br><br>(ECF Nos. 230, 233) |

Currently before the Court are both Defendants Beard, Bell, Couch, Madden, Telles, and Walker's ("Defs.' Mot.," ECF No. 230) and Plaintiff Stevie J. Stevenson's ("Pl.'s Mot.," ECF No. 233) (together, the "Motions") Motions for Reconsideration of the Court's February 8, 2022 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56. (*See* ECF No. 222 (the "Summary Judgment Order").) In the Summary Judgment Order, the Court denied Defendants' motion for summary judgment as to "Plaintiff's First Amendment claims based on the opening of his legal mail outside his presence but GRANT[ED] Defendants' Motion as to all remaining claims in Plaintiff's First Amended Complaint." (*See id.* at 27–28.)

The Court concludes that these matters are suitable for determination on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and without the benefit of additional briefing. Having carefully considered the Parties' arguments, the record, and the relevant law, the Court **DENIES** the Motions and **ORDERS** the Parties to **SHOW CAUSE** why the Court should not enter summary judgment on qualified immunity grounds as to Plaintiff's sole remaining claim.

## DEFENDANTS' MOTION

Defendants move for reconsideration of the Summary Judgment Order pursuant to Federal Rule of Civil Procedure 59(e). (*See* Defs.' Mot. at 4.) Specifically, Defendants bring their Motion on the ground that "it was clear error of fact and/or law to allow Count 2 to proceed to trial against any of the named Defendants because the record shows there is no evidence of causation for a jury to consider." (*Id.*)

### I.  Standard of Review

While Defendants purport to bring this Motion pursuant to Rule 59(e), this provision relates solely to judgments, and no judgment been entered in this matter. Specifically, Defendants claim that "[j]udgment was entered on February 8, 2022," (*see* Defs.' Mot. at 4), but the Court entered only an Order on February 8, 2022, not a partial judgment pursuant to Federal Rule of Civil Procedure 54(b). Nonetheless, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter an order pursuant to Federal Rule of Civil Procedure 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is

remedial in nature and must be liberally applied." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *See Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

**II.   Analysis**

Defendants maintain that "there is no evidence of causation to support Count 2," (*see* Defs.' Mot. at 4), which is the sole remaining claim in this action following the Court's February 8, 2022 Summary Judgment Order.  Specifically, Defendants contend that the Court erred by failing to consider Defendants' argument that Plaintiff failed to meet his burden to prove causation because Defendants "cited the lack of causation in their moving papers, and [Plaintiff] did not dispute it in his opposition." (*See* Defs.' Mot. at 4–5 (citing ECF No. 167 ("MSJ") at 32:3–15;[1] ECF No. 216 ("MSJ Reply") at 1:27–2:23).) Defendants, however, failed adequately to raise causation.

Regarding the original memorandum filed in support of their Motion for Summary Judgment, Defendants rely on the following passage to show that they argued that there was a lack of causation:

> Here, Plaintiff's confidential legal mail was misidentified as regular mail because of human error during the original sorting process by unknown prison staff. (Bell Decl. at ¶ 4.)  There is no evidence as to what date the mail arrived at the prison, or as to who processed it – but it would have been delivered within seven days of arrival. (Bell Decl. at ¶ 3; Ex. 5 at DOM § 54010.4.) Importantly, Plaintiff does not allege that Defendants have a policy that violates the First Amendment, as plaintiff did in *Hayes*.  Instead, the evidence shows Defendants have a constitutionally valid policy for handling confidential legal mail, and that they applied it on hundreds of occasions when processing Plaintiff's confidential mail. (Bell Decl. at ¶ 4.)  Thus, [*Stevenson v. Koskey,* 877 F.2d 1435 (9th Cir. 1989)], and not [*Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204 (9th Cir. 2017),] applies.

///

---

[1] Pin citations to Defendants' Motion for Summary Judgment refer to the CM/ECF pagination.

> Not only is there an absence of improper motive, [but] the evidence shows the mishandling amounts to negligence at most. First, Plaintiff himself admits he has no reason to believe the letters were intentionally opened.

(*See* Defs.' Mot. at 4–5 (citing MSJ at 32:3–15).) Essentially, Defendants maintain that their reference to "unknown prison staff" touches on causation; however, this section of their brief argues only that Plaintiff failed to allege that Defendants had a policy that violated his First Amendment rights and that Plaintiff failed to prove an "improper motive." (*See* MSJ at 32.)

In this section of their memorandum, Defendants cite to Defendant Bell's Declaration to support their argument that there was "no evidence as to what date the mail arrived at the prison, or as to who processed it." (*See* MSJ at 32 (citing ECF No. 167-3 ("Bell Decl.") ¶ 4).) Paragraph 4 of Defendant Bell's Declaration reads as follows:

> When incoming mail is delivered, it is dumped on a large table, and all staff sort the mail by hand. First, legal mail is separated from the regular mail. Then, the legal mail is reviewed by the office technician. This involves confirming the mail meets the criteria of confidential legal mail outlined in California Code of Regulations, title 15, section 3141, by performing a visual scan, and additional investigation if necessary. This sometimes involves confirming the sender is an attorney or legal entity with a telephone call as described in California Code of Regulations, title 15, section 3143. If the mail does not meet criteria, it is stamped "does not meet criteria," and is processed as regular mail. If the mail does meet criteria, the senders address is logged into the legal mail database, which keeps track of an inmate's incoming and outgoing legal mail. If legal mail arrives damaged, or opened, it is stamped damaged. All legal mail is then transported by truck to Central Control and Complex Control where it is picked up by the facilities for delivery. A correctional officer opens the mail, and scans it for contraband in the presence of the addressee pursuant to California Code of Regulations, title 15, section 3144.

(Bell Decl. ¶ 4.) While this paragraph describes the process for identifying incoming legal mail, there is no testimony supporting that "[t]here is no evidence as to what the date the mail arrived at the prison, or as to who processed it." (*See* Defs.' Mot. at 32.) In short, Defendants never use the term "causation" or explicitly make the argument that Plaintiff

4

failed to establish personal causation as to Count 2 in his First Amended Complaint in their Motion for Summary Judgment. (*See generally id.*)

Defendants did raise causation for the first time in their reply in support of their motion for summary judgment. (*See* MSJ Reply at 2.) Specifically, Defendants argued in their reply that Plaintiff "failed to create a triable issue of fact as to whether any of the mailroom Defendants opened his confidential legal mail in an intentional manner, and summary judgment should be granted in their favor." (*See id.* (citing *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991)).) The Court, however, "need not consider arguments raised for the first time in a reply brief." *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007).

In light of the foregoing, the Court did not err by failing to consider Defendant's causation argument, which was raised for the first time in their reply brief. Because Defendants have provided no basis for the Court to vacate its October 15, 2020 Summary Judgment Order, relief under Rule 60 is not warranted. *See School Dist. No. 1J*, 5 F.3d at 1442; *Engleson*, 972 F.2d at 1044.

## PLAINTIFF'S MOTION

Plaintiff's Motion is based on a number of arguments, including that the Court (1) failed to consider all of the arguments and evidence he submitted with his opposition to Defendants' motion for summary judgment, (2) held him to a "stringent standard in his formal pleadings like those drafted by lawyers," (3) referred to evidence that was not in the record, (4) "failed to assign a Magistrate," (5) failed to "advise Plaintiff of his right to timely appeal," and (6) failed to "grant Plaintiff an oral argument." (*See* Pl.'s Mot. at 1–2.)

### I. Standard of Review

Like Defendants, Plaintiff also brings this Motion pursuant to Rule 59(e). (*See* Pl.'s Mot. at 2.) For the same reasons the Court applied Rule 60(b) to Defendants' Motion, however, the Court will apply Rule 60(b) to Plaintiff's Motion.

///

Nonetheless, to obtain relief under Rule 60(b), Plaintiff "must show that the district court committed a specific error." *See Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Rule 60(b) does not provide him with a "new opportunity to present legal argument or evidence that could have been presented in response to the underlying dispositive motion." *See Wallace v. Live Nation Worldwide, Inc.*, No. C20-799RSM, 2021 WL 4033771, at *2 (W.D. Wash. Sept. 3, 2021). Nor may a motion for reconsideration be used to ask a court "to rethink what the court had already thought through—rightly or wrongly." *See Schertzer v. Bank of Am., N.A*, No. 19-CV-264 JM (MSB), 2021 WL 5849822, at *1 (S.D. Cal. Dec. 9, 2021) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"). Instead, a motion for reconsideration is appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *See School Dist. No. 1J*, 5 F.3d at 1263.

**II.   Analysis**

Plaintiff fails to show that he in entitled to reconsideration of the Court's Summary Judgment Order. First, Plaintiff claims that, even though the Court denied Defendants' motion for summary judgment as to his First Amendment legal mail claim, the Court's ruling failed to "mention and/or consider" all of Plaintiff's "factual evidence[, declarations, and documents]" presented in his pleadings. (*See* Pl.'s Mot. at 7.) But as Plaintiff himself recognizes, (*see id.* at 4 ("The Court is 'not required to comb through the record to find some reason to deny a motion for summary judgment.'" (quoting *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2011)))), his claim that the Court was required to reference all arguments and evidence in his five hundred and fifty-six page opposition to Defendants' motion for summary judgment, (*see* ECF No. 213), and his four hundred and eighteen page First Amended Complaint, (*see* ECF No. 8), is without merit.

*See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations."). In any case, the Court considered all papers and evidence filed in support of and in opposition to Defendants' motion for summary judgment, including Plaintiff's verified First Amended Complaint.

The other arguments contained in Plaintiff's Motion are virtually identical to those he made in his opposition to Defendants' motion for summary judgment. (*Compare* Pl.'s Mot., *with* ECF No. 194.) In other words, Plaintiff's Motion inappropriately asks the Court to review again the arguments and evidence that it has already considered at length. *See Torbert v. Gore*, No. 3:14-CV-02911-BEN-NLS, 2016 WL 7370062, at *2 (S.D. Cal. Dec. 19, 2016) ("[M]otions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected."). Because it plainly and repeatedly asks the Court to "rethink what it has already thought" before, the Court **DENIES** Plaintiff's Motion. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see also Ramser v. Laielli*, No. 3:15-CV-2018-CAB-DHB, 2017 WL 3524879, at *1 (S.D. Cal. Aug. 15, 2017) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." (citing *Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992))); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."), *aff'd*, 37 F.3d 1485 (3d Cir. 1994).

## ORDER TO SHOW CAUSE

Although the Court denied Defendants' motion for summary judgment as to Plaintiff's First Amendment claims based on the opening of his legal mail outside his presence, (*see* ECF No. 222 at 27), district courts "unquestionably possess the power to

enter summary judgment sua sponte even on the eve of trial." *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010). Qualified immunity is an affirmative defense, but "a court may *sua sponte* grant summary judgment if the plaintiff is 'given reasonable notice that the sufficiency of his or her claim will be in issue.'" *See Combs v. Williams*, No. 2:18-cv-00337-JAD-BNW, 2022 WL 706451, at *3 (D. Nev. Mar. 9, 2022) (citing *Verizon Del. Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993))).

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Although *Saucier* originally required a court to answer these questions in order, the Supreme Court has since held that, "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Consequently, if a court finds that the plaintiff's allegations do not make out a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *See Saucier*, 533 U.S. at 201. Similarly, if a court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court may end further inquiries concerning qualified immunity without determining whether the allegations in fact make out a statutory or constitutional violation. *See Pearson*, 555 U.S. at 236–37.

Here, Plaintiff acknowledges in his Motion that his remaining First Amendment claim is a "case of first impression." (*See* Pl.'s Mot. at 8.) In his First Amended Complaint, Plaintiff alleges that Defendants opened his legal mail outside his presence in 2016. (*See*

ECF No. 8 at 19–21.) In ruling against Defendants on their motion for summary judgment on this claim, the Court found that *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, was controlling because *Hayes* held that if "prison officials open legal mail outside the presence of an inmate, it is their burden to establish that there were legitimate penological interests that justify the policy or practice." (*See* ECF No. 222 at 12 (citing *Hayes*, 849 F.3d at 1213).) In *Hayes*, the Ninth Circuit acknowledged that, as of 2017, it had "not yet addressed prisoners' First Amendment right to have legal mail opened in their presence." *See* 849 F.3d at 1209. The Ninth Circuit therefore "recogniz[ed] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence" for the first time in 2017. *Id.* at 1211.

The record before the Court therefore indicates that Defendants may be entitled to summary judgment based on qualified immunity because the "right at issue" may not have been "clearly established" at the time the alleged violations occurred in 2016. *See Saucier*, 533 U.S. at 201. The Court therefore **ORDERS** the Parties **TO SHOW CAUSE** why summary judgment should not be entered on qualified immunity grounds for the sole remaining claim. Plaintiff is reminded of the notice previously provided by the Court pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1998). (*See* ECF No. 176.) The Clerk of Court **SHALL PROVIDE** Plaintiff with a copy of this this Notice so that he may refer to it when preparing his response to the Court's Order to Show Cause.

## CONCLUSION

In light of the foregoing, the Court **DENIES** both Defendants' (ECF No. 230) and Plaintiff's (ECF No. 233) Motions for Reconsideration (ECF No. 233). The Court also **ORDERS** the Parties to **SHOW CAUSE** why summary judgment should not be entered on qualified immunity grounds as to Plaintiff's sole remaining claim. Accordingly, the Clerk of the Court **SHALL PROVIDE** Plaintiff with a copy of the Court's June 8, 2021 *Klingele/Rand* Notice Warning Pro Se Prisoner of Motion for Summary Judgment (ECF No. 176). The Parties **SHALL FILE** their respective briefs addressing whether or not

1  Defendants are entitled to qualified immunity as to Plaintiff's First Amendment claim
2  relating to the opening of his legal mail outside his presence <u>on or before Friday, June 24,</u>
3  <u>2022</u>. The Court will consider the Parties' briefs as submitted on the papers after June 24,
4  2022, and will issue its written opinion soon thereafter.

5  **IT IS SO ORDERED.**

6  Dated: May 10, 2022

*[signature]*
Honorable Todd W. Robinson
United States District Court

10

16-CV-3079 TWR (RBM)